IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Jeffrey Kolton,

        Plaintiff,

                        Case No. 1:21-cv-4668-MLB

v.

Jason Bedasse and Corlex Capital, LLC,

        Defendants.

_____/

### OPINION & ORDER

Plaintiff Jeffrey Kolton moves for clerk's entry of default judgment against Defendant Corlex Capital, LLC ("Corlex"). (Dkt. 14.) The Court denies that motion.

On November 11, 2021, Plaintiff filed a complaint against Defendants Bedasse and Corlex. (Dkt. 1.) Plaintiff alleges breach of promissory note against Defendant Bedasse, breach of the guaranty against Defendant Corlex, and attorneys' fees and costs against both Defendants. (*Id.* ¶¶ 25–39.) According to the complaint, Plaintiff and Defendant Bedasse entered into a settlement agreement whereby

Defendant Bedasse agreed to pay Plaintiff $100,000 within three days of the full execution of the agreement, $200,000 plus annual interest of 1% no later than one year from the effective date of the agreement, and $200,000 plus annual interest of 1% no later than two years from the effective date of the agreement. (*Id.* ¶¶ 12–13.) Defendant Bedasse fulfilled the initial $100,000 payment obligation. (*Id.* ¶ 14.) Pursuant to the settlement agreement, Defendant Bedasse executed a promissory note in favor of Plaintiff in the amount of $400,000. (*Id.* ¶ 15.) The note contains an acceleration clause. (*Id.* ¶ 16.) Under the settlement agreement, Defendant Bedasse's obligations were guaranteed by Defendant Corlex. (*Id.* ¶ 18.) In July 2021, the acceleration clause was triggered and the entire outstanding principal, accrued interest, and other sums owing under the note became due. (*Id.* ¶ 21.) As of November 11, 2021, Defendants have made no payments. (*Id.* ¶¶ 22–23.)

On November 11, 2021, Plaintiff sued Defendants. (Dkt. 1.) Defendant Corlex was served on November 17, 2021. (Dkt. 6.) On February 11, 2022, Plaintiff moved for, and the Clerk entered, default. (Dkt. 13.)

On March 1, 2022, Plaintiff moved for default judgment. (Dkt. 14.) Plaintiff requests the clerk enter a default judgment against Defendant Corlex pursuant to Federal Rule of Civil Procedure 55(b) for a sum certain and costs as set out in an attached affidavit. (Dkt. 14 at 1.) A clerk's entry of default judgment pursuant to Rule 55(b)(1) is limited. "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1). Otherwise, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55(b)(2).

Plaintiff's damages demand is not a sum certain and thus Rule 55(b)(1) does not apply. Plaintiff seeks "costs incurred of $602.75." (Dkt. 14-1 ¶ 5.) But he does not explain how the amount of costs was calculated. *See* Wright, Miller & Kane, *Federal Practice & Procedure*, § 2683 ("Plaintiff cannot satisfy the certainty requirement simply by requesting a specific amount."); *Kawaski Motors Fin. Corp. v. Tifton Cycles, Inc.*, No. 7:12-cv-16, 2012 WL 4829549, at *1 (M.D. Ga. Oct. 10,

2012) (requiring "evidence to show how [the damage demand] was calculated" before entering default judgment pursuant to Rule 55(b)(1)). In the complaint, Plaintiff also requests attorneys' fees.[1] (Dkt. 1 ¶¶ 36–39.) "Attorney fees are simply not a sum certain and therefore bar entry of judgment by the Clerk." *Carter v. Macon Manor NRC, LLC*, No. 5:06-CV-00030, 2007 WL 951419, at *2 (M.D. Ga. Mar. 27, 2007).

To the extent Plaintiff seeks a clerk's entry of default judgment, Plaintiff's motion is **DENIED WITHOUT PREJUDICE**. (Dkt. 14.) Should Plaintiff wish to obtain a default judgment against Defendant Corlex, the Court **DIRECTS** him to file, on or before June 29, 2022, a properly supported motion for default judgment pursuant to Rule 55(b)(2). Pursuant to Rule 55(b)(2), a grant of default judgment in favor of the plaintiff is warranted only if there exists "a sufficient basis in the pleadings for the judgment entered." *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1362 (N.D. Ga. 2011) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir.

---

[1] Plaintiff does not discuss attorneys' fees in his motion for default judgment, but because it is a substantive count in the complaint against Defendant Corlex, the Court presumes Plaintiff is also moving for default judgment on that count.

4

1975)). Plaintiff thus must include a memorandum of law to support his motion for default judgment explaining why he is entitled to default judgment in the amount he seeks.

**SO ORDERED** this 15th day of June, 2022.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE